1
2
3
4
5

WRIGHT, FINLAY & ZAK, LLP
Chelsea A. Crowton, Esq.
Nevada Bar No. 11547
ccrowton@wrightlegal.net
5532 South Fort Apache Road, Suite 110
Las Vegas, Nevada 89148
(702) 475-7964; Fax: (702) 946-1345
*Attorney for Defendant, Wells Fargo Bank, N.A.*

6
7

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

8
9

LVDG SERIES 125 established under LVDG,
LLC, a Nevada series limited liability company,

10
11

                    Plaintiffs,

            vs.

12
13
14
15
16

HAROLD M. WELLES, VALERIE M.
WELLES, WELLS FARGO BANK, N.A.,
MTC FINANCIAL INC. d/b/a TRUSTEE
CORPS, DOES 1 THROUGH 20, AND ROE
CORPORATIONS 1 THROUGH 20,
INCLUSIVE,
                    Defendants.

Case No.: 2:13-cv-01684

**DEFENDANT, WELLS FARGO BANK,
N.A.'S, OPPOSITION TO THE
PLAINTIFF'S APPLICATION FOR
PRELIMINARY INJUNCTION**

17
18
19
20
21
22

        The Defendant, Wells Fargo Bank, N.A. (hereinafter "Wells Fargo"), by and through its

attorney of record, Chelsea A. Crowton, Esq. of the law firm of Wright, Finlay & Zak, LLP,

hereby submits its Opposition to the Plaintiff's Application for Preliminary Injunction.  The

Opposition is based on the attached Memorandum of Points and Authorities, all papers and

pleadings on file herein, all judicially noticed facts, and on any oral or documentary evidence

that may be submitted at a hearing on this matter.

23
24
25
26
27
28

DATED this 13th day of September, 2013.

                            WRIGHT, FINLAY & ZAK, LLP

                            Chelsea A. Crowton, Esq.
                            Nevada Bar No. 11547
                            5532 South Fort Apache Road, Suite 110
                            Las Vegas, Nevada 89148
                            *Attorney for Defendant, Wells Fargo Bank, N.A.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      STATEMENT OF FACTS

On May 7, 1999, Harold M. Welles and Valerie M. Welles (hereinafter "Welles"), purchased the Property located at 1125 Tule Drive, Reno, Nevada 89521 (hereinafter "Property").[1]  On November 2, 2006, Welles executed a Deed of Trust and Note for $260,000.000, whereby Wells Fargo was stated as the Lender and United Title of Nevada was stated as the Trustee.[2]  On January 12, 2010, a Notice of Delinquent Assessment Lien was recorded against the Property.[3]  On June 29, 2010, a Notice of Default and Election to Sell Under Homeowners Association Lien was recorded against the Property.[4]  On October 15, 2012, a Substitution of Trustee was recorded, whereby MTC Financial, Inc. d/b/a Trustee Crops was substituted as Trustee on the 2006 Deed of Trust.[5]  On November 6, 2012, a Notice of Breach and Default and of Election to Cause Sale of Real Property under Deed of Trust was recorded, whereby the Notice stated that Welles defaulted on the 2006 Note on May 1, 2012.[6]  On March 13, 2013, a Notice of Trustee's Sale was recorded, based on the delinquent HOA Lien.[7]  On March 27, 2013, a Certificate from the Nevada Foreclosure Mediation Program was recorded, allowing the Beneficiary to proceed with a foreclosure on the Property.[8]  On August 15, 2013, a Notice of Trustee's Sale was recorded, based on the delinquency of the 2006 Note.[9]  On August

---

[1] A true and correct copy of the GBS Deed recorded in the Washoe County Recorder's Office as Document No. 2343008 is attached to the Defendant's Request for Judicial Notice ("RJN") as **Exhibit A**.

[2] A true and correct copy of the Deed of Trust recorded in the Washoe County Recorder's Office as Document No. 3463408 is attached to the Defendant's RJN as **Exhibit B.**

[3] A true and correct copy of the Notice of Lien (HOA) recorded in the Washoe County Recorder's Office as Document No. 3838342 is attached to the Defendant's RJN as **Exhibit C.**

[4] A true and correct copy of the Notice of Default (HOA) recorded in the Washoe County Recorder's Office as Document No. 3896387 is attached to the Defendant's RJN as **Exhibit D.**

[5] A true and correct copy of the Substitution recorded in the Washoe County Recorder's Office as Document No. 4162864 is attached to the Defendant's RJN as **Exhibit E.**

[6] A true and correct copy of the Notice of Default recorded in the Washoe County Recorder's Office as Document No. 417103 is attached to the Defendant's RJN as **Exhibit F.**

[7] A true and correct copy of the Notice of Sale (HOA) recorded in the Washoe County Recorder's Office as Document No. 4214665 is attached to the Defendant's RJN as **Exhibit G.**

[8] A true and correct copy of the Certificate recorded in the Washoe County Recorder's Office as Document No. 4219161 is attached to the Defendant's RJN as **Exhibit H.**

[9] A true and correct copy of the Notice of Trustee's Sale recorded in the Washoe County Recorder's Office as Document No. 4219162 is attached to the Defendant's RJN as **Exhibit I.**

30, 2013, a Trustee's Deed Upon Sale was recorded, whereby the Plaintiff paid $5,300.00 at the HOA Sale.[10]

## II.   PROCEDURAL HISTORY

On August 23, 2013, the Plaintiff filed a Complaint in the Second Judicial District Court of Washoe County, Nevada.  On September 6, 2013, the Plaintiff filed a Notice of Lis Pendens.  On September 9, 2013, the Plaintiff filed a Temporary Restraining Order.  On September 10, 2013, Wells Fargo made a Notice of Appearance in the case.

## III.   LEGAL ARGUMENTS

### A.  INTRODUCTION

The theory espoused by the Plaintiff regarding the extinguishment of Wells Fargo's Lien negates the legislative history and statutory language in N.R.S. 116.3116.  The HOA Lien is a valid lien created for the sole purpose to be a payment priority lien that works in parity with N.R.S. 116.3116(2)(b).  Wells Fargo's Lien meets the statutory requirements of N.R.S. 116.3116(2)(b); therefore, Wells Fargo's Lien survived the HOA Sale and the Plaintiff took title subject to Wells Fargo's Lien.

### B.  THE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION SHOULD BE DENIED BECAUSE THE PLAINTIFF DOES NOT HAVE A LIKELIHOOD OF SUCCESS ON THE MERITS OF THE COMPLAINT.

#### a.  THE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION SHOULD BE DENIED BECAUSE UNDER N.R.S. 116.3116(2)(b), WELLS FARGO'S LIEN IS SUPERIOR TO THE ASSESSMENT LIEN BY THE MEADOWS HOMEOWNERS ASSOCIATION.

The Plaintiff misconstrues the language in N.R.S. 116.3116(2)(b) to imply that the foreclosure by The Meadows Homeowners Association (hereinafter "The Meadows") extinguished Wells Fargo's Lien.  The Nevada Supreme Court has espoused that when a statute "is clear on its face, a Court may not go beyond the language of the statute in determining the legislature's intent."  Diaz v. Eighth Judicial District Court ex rel. County of Clark, 116 Nev. 88, 94, 993 P.2d 50, 54-55 (2000).  The language in N.R.S. 116.3116(2)(b) is clear as to the priority of title regarding Deeds of Trust and HOA Liens.

---

[10] A copy of the TDUS is attached to the Defendant's RJN as **Exhibit J.**

1     The language in N.R.S. 116.3116(2)(b) unambiguously states that The Meadows Lien is

2 junior to Wells Fargo's Lien. N.R.S. 116.3116(2)(b) states,

3     2.   A lien under this section is prior to all other liens and encumbrances on a unit except:

4
        (b) A first security interest on the unit recorded before the date on which the
5       assessment sought to be enforced became delinquent or, in a cooperative, the first
        security interest encumbering only the unit's owner's interest and perfected before
6       the date on which the assessment sought to be enforced became delinquent;

7     The specific language of N.R.S. 116.3116(2) states that The Meadows Lien is prior to all

8 other liens and encumbrances secured by the Property, except a first security interest on the

9 Property recorded before the date on which the assessment became delinquent in the case.

10 N.R.S. 116.3116(2). N.R.S. 116.3116(2)(b) specifically states that the date upon which to

11 determine the priority of the Liens under N.R.S. 116 is the date the assessments became

12 delinquent and not the date the CC&Rs are recorded. The inclusion of N.R.S. 116.31162-

13 116.31165 in the statute implies that the recording of the CC&Rs is not the trigger point when

14 determining the date of perfection of the Homeowner's Association Lien. The recording of the

15 CC&Rs is not notification of the recording and perfection of an HOA Lien, for the recording of

16 the CC&Rs is notice of the fact that the Property is located and governed by the rules of a

17 Homeowner's Association.

18     The Deed of Trust wherein Wells Fargo is a beneficiary was recorded in the Clark

19 County Recorder's Office prior to the date on which the assessments by The Meadows

20 Homeowners Association became delinquent in this case. On November 2, 2006, Welles

21 executed a Deed of Trust and Note for $260,000.000, whereby Wells Fargo was stated as the

22 Lender and United Title of Nevada was stated as the Trustee.[11]  On January 12, 2010, a Notice of

23 Delinquent Assessment Lien was recorded against the Property.[12]  The 2006 Deed of Trust was

24 properly perfected and recorded in the Clark County Recorder's Office over three (3) years prior

25 to the recording of the Notice of Violation by The Meadows. Therefore, pursuant to N.R.S.

26

27 [11] A true and correct copy of the Deed of Trust recorded in the Washoe County Recorder's Office
as Document No. 3463408 is attached to the Defendant's RJN as **Exhibit B.**

28 [12] A true and correct copy of the Notice of Lien (HOA) recorded in the Washoe County
Recorder's Office as Document No. 3838342 is attached to the Defendant's RJN as **Exhibit C.**

1 | 116.3116(2)(b), the 2006 Deed of Trust has priority over the Assessment Lien recorded by The

2 | Meadows.

3 |   The Plaintiff is also required to (1) produce a copy of the assessment lien upon which the

4 | foreclosure sale was based and (2) allege that the assessment lien chronologically precedes the

5 | Deed of Trust. Centeno v. Mortg. Elec. Registration Systems, 2012 WL 3730528 * 3 (D. Nev.

6 | Aug. 28, 2012).[13] The Plaintiff has failed to assert a vital fact necessary to maintain a N.R.S.

7 | 116.3116 et seq. cause of action. Similar to Centeno, wherein the Court dismissed an N.R.S.

8 | 116.3116 cause of action based on the failure of the Plaintiff to attach the Assessment Lien or

9 | factually assert that the Assessment Lien predated the first, position Deed of Trust, the Plaintiff

10 | in the herein case fails to assert that Wells Fargo's Lien was recorded after The Meadows Lien

11 | and the Plaintiff fails to attach the Assessment Lien. The Centeno Court clearly relied on the

12 | chain of title recordings to determine if a First Mortgage was extinguished by an HOA sale.[14]

13 | The failure of the Plaintiff to assert the above-stated facts is based on the clear chain of title that

14 | establishes that The Meadows Lien was recorded over three (3) years after Wells Fargo's 2006

15 | Deed of Trust.

16 |   Therefore, pursuant to N.R.S. 116.3116(2)(b) and case law, the 2006 Deed of Trust has

17 | priority over the Assessment Lien recorded by The Meadows and the Plaintiff cannot state a

18 | valid claim under N.R.S. 116.3116 et seq.

19 | 
20 |    **b. THE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION SHOULD BE DENIED BECAUSE THE PLAINTIFF MISCONSTRUES N.R.S. 116.3116(2).**

21 |   The Plaintiff asserts, pursuant to N.R.S. 116.3116(2), that the foreclosure sale by The

22 | Meadows Homeowners Association extinguished Wells Fargo's first, position lien secured

23 | against the Property.[15] The language in N.R.S. 116.3116(2) carves out a limited exception to

24 | N.R.S. 116.3116(2)(b), wherein an HOA is entitled to only nine (9) months of HOA charges and

25 | 
26 | 

---

27 | [13] A true and correct copy of Centeno v. Mortg. Elec. Registration Systems, 2012 WL 3730528 * 3 (D. Nev. Aug. 28, 2012) is attached to the Defendant's RJN as **Exhibit K.**
[14] Id.

28 | [15] See Complaint in general.

1    assessments upon the foreclosure of the first, position Deed of Trust or upon the initiation of a

2    judicial action by the HOA. N.R.S. 116.3116(2) states,

3           2.   A lien under this section is prior to all other liens and encumbrances on a unit except:

4

5           (c) Liens for real estate taxes and other governmental assessments or charges
             against the unit or cooperative.

6           ☐ The lien is also prior to all security interests described in paragraph (b) to the
7           extent of any charges incurred by the association on a unit pursuant to NRS
            116.310312 and to the extent of the assessments for common expenses based on
8           the periodic budget adopted by the association pursuant to NRS 116.3115 which
            would have become due in the absence of acceleration during the 9 months
9           immediately preceding institution of an action to enforce the lien, unless federal
10          regulations adopted by the Federal Home Loan Mortgage Corporation or the
            Federal National Mortgage Association require a shorter period of priority for the
11          lien. If federal regulations adopted by the Federal Home Loan Mortgage
            Corporation or the Federal National Mortgage Association require a shorter
12          period of priority for the lien, the period during which the lien is prior to all
13          security interests described in paragraph (b) must be determined in accordance
            with those federal regulations, except that notwithstanding the provisions of the
14          federal regulations, the period of priority for the lien must not be less than the 6
            months immediately preceding institution of an action to enforce the lien. This
15          subsection does not affect the priority of mechanics' or materialmen's liens, or the
16          priority of liens for other assessments made by the association.

17          N.R.S. 116.3116(2) carves out a narrow exception to N.R.S. 116.3116(2)(b), for N.R.S.

18   116.3116(2) merely states that an HOA's unpaid charges and assessments incurred during the

19   nine (9) months prior to the foreclosure of a First Mortgage continue to encumber the Property

20   after the foreclosure by the first, position Deed of Trust. The nine (9) month "Super-Priority

21   Lien" does not wipe out a first, position Deed of Trust nor does the language in N.R.S.

22   116.3116(2) state that a first, position Deed of Trust is extinguished by a foreclosure on an

23   Assessment Lien. The language in N.R.S. 116.3116(2) clearly states that the HOA must initiate

24   a judicial or non-judicial action to enforce the "Super-Priority Lien." N.R.S. 116.3116(2) is a

25   mechanism by which the Legislature ensured that an HOA will be paid the assessments due on a

26   Property upon the foreclosure by a first, position Deed of Trust. The interpretation of N.R.S.

27   116.3116(2) proffered by the Plaintiff is absurd and illogical, for its absurd and illogical to

28   assume that a Homeowner's Association foreclosure sale for $5,300.00 could eliminate a Deed

1    of Trust executed over four (4) years prior to the foreclosure sale.  The "Super-Priority Lien"

2    should be <u>treated as a payment priority</u>, wherein the Lien remains after a foreclosure to ensure

3    that the Homeowner's Association is paid its assessment dues.

4         Plus, the analysis by the Plaintiff is illogical, for the Plaintiff maintains that the Statute

5    states both that a first mortgage is superior to an assessment lien and that a Trustee's Sale can

6    eliminate a first, position Deed of Trust.  If the Legislature intended to allow an assessment lien

7    to extinguish a first, position Deed of Trust then the Legislature would not have included N.R.S.

8    116.3116(2)(b) in the statute.  "The first mortgage rule (subsection (2)(b)) is an exception to the

9    rule, for the super-priority rule (2)(c) is an exception to an exception.  Since, the exception to the

10   exception necessarily includes all instances of the rule itself- there can no subsection (1) lien that

11   does not include some super-priority amounts because that amount includes every kind of

12   assessment that could be delinquent, except for collection fees and costs arising therefrom- the

13   exception under subsection (2)(b) would be totally subsumed by the exception to the exception,

14   rendering it meaningless if its operation were not limited in a way that permits the exception to

15   have some application in any case."[16]  In order to give meaning to each part of the statutes, the

16   Court must read the subsections together to mean that the super-priority rule affects the priority

17   of reimbursement, but not an extinguishment of the first, position Deed of Trust.  Moreover, no

18   part of a statute should be construed to render another nugatory.  See <u>Harris Assocs. v. Clark</u>

19   <u>County Sch. Dist.</u>, 119 Nev. 638, 642, 81 P.3d 532, 534 (2003) (quoting <u>Glover v. Concerned</u>

20   <u>Citizens for Fuji Park & Fairgrounds</u>, 118 Nev. 488, 492, 50 P.3d 546, 548 (2002)), overruled in

21   part on other grounds by <u>Garvin v. Dist. Ct.</u>, 118 Nev. 749, 765 n. 71, 59 P.3d 1180, 1190 n. 71

22   (2002) (No part of a statute should be rendered meaningless and its language "should not be read

23   to produce absurd or unreasonable results.").  Here, if an HOA foreclosure sale could extinguish

24   a senior deed of trust under section 2(c), there would be no purpose for granting the senior deed

25   of trust priority in section 2(b).

26

27

28   [16] See <u>Bayview Loan Servicing, LLC v. Alessi & Koenig</u>, LLC et al, 2:13-cv-RCJ-NJK, Order,
     attached to the Defendant's RJN as **Exhibit L.**

1    The Legislature clearly intended merely to allow assessments to have a secured lien and

2    be entitled to payment upon the foreclosure by the first, position Deed of Trust.  The Plaintiff

3    knowingly purchased a Property from a Homeowner's Association Sale that was governed by

4    N.R.S. 116.3116.  The Plaintiff had knowledge of the eventual loss of title to the Property upon

5    the foreclosure by Wells Fargo.  A reasonably prudent purchaser at an HOA foreclosure sale

6    would assume that any HOA foreclosure sale would be subject to any first, position Deeds of

7    Trust secured against the Property.  The Plaintiff purchased the Property at the foreclosure sale

8    for a nominal amount of only $5,300.00 and should have expected that any sale of a Property at

9    an HOA foreclosure sale for a nominal amount is contingent on a potential loss of the Property

10   through a foreclosure by Wells Fargo.  The Plaintiff never purchased fee simple title at the HOA

11   foreclosure sale, therefore, the Plaintiff cannot assert any "irreparable" or "unique" harm related

12   to the real property.  The Plaintiff only received the title that the prior owner, Welles, had

13   possessed before the foreclosure sale.  N.R.S. 116.31166(3) (providing that a foreclosure sale by

14   a Homeowner's Association "vests in the purchaser the title of the unit's owner without equity or

15   right of redemption").  The Plaintiff merely holds a possessory title interest in the Property,

16   subject to an eventual sale by the first, position Deed of Trust.

17       N.R.S. 116.3116(2)(c) was amended by Assembly Bill 204 in 2009.  See 2009 Nev. Stat.,

18   Page 1207.  AB 204 amended section 116.3116(2)(c) as follows:

19           (c) Liens for real estate taxes and other governmental assessments or charges
20           against the unit or cooperative.  The lien is also prior to all security interests
             described in paragraph (b) to the extent of the assessments for common expenses
21           based on the periodic budget adopted by the association pursuant to NRS
             116.3115 which would have become due in the absence of acceleration during the
22           9 months immediately preceding institution of an action to enforce the lien, unless
             federal regulations adopted by the Federal Home Loan Mortgage Corporation or
23           the Federal National il1ortgage Association require a shorter period of priority for
             the lien. If federal regulations adopted by the Federal Home Loan Mortgage
24           Corporation or the Federal National Mortgage Association require a shorter
             period of priority for the lien, the period during which the lien is prior to all
25           security interests described in paragraph (b) must be determined in accordance
             with those federal regulations, except that notwithstanding the provisions of the
26           federal regulations, the period of priority for the lien must not be less than the 6
             months immediate~)' preceding institution of an action to enforce the lien. This
27           subsection does not affect the priority of mechanics' or materialmen's liens, or the
28

priority of liens for other assessments made by the association. Id. (emphasis in original).

In its original form, AB 204 extended the period of priority from six months to two years, but this provision was reduced to nine months. Assemblyperson Ellen Spiegel testified about the legislature's purpose in extending the priority period in her March 6, 2009 testimony:

> Just as a summary, A.B. 204 extends the existing superpriority from six months to two years. There are no fiscal notes on this. In a nutshell, this bill makes it possible for common-interest communities to collect dues that are in arrears for up to two years at the time of foreclosure. This is necessary now because foreclosures are now taking up to two years. At the time the original law was written, they were taking about six months. So, as the time frames moved on, the need has moved up. See Hearing on AB 204 Before Assemb. Comm. on the Judiciary, 75th Legislature, p. 34 (2009) (Statement of Assemblyperson Ellen Spiegel). See Hearing on AB 204 attached the Defendant's RJN **Exhibit M.**

AB 204 extended the period of priority because an HOA can only collect its super priority assessments *after* the senior deed of trust beneficiary forecloses on the property. Bank foreclosures were taking longer in 2009 than they were in 1991; therefore, Nevada's legislature extended the priority period to protect the HOAs, a move that would be unnecessary if HOAs could simply foreclose on their super priority lien before a senior deed of trust beneficiary foreclosed. In 2011, Nevada's legislature again considered amending N.R.S. 116.3116(2)(c) with Senate Bill 174.[17] Mr. Buckley testified regarding the 2009 amendment to NRS I 16.3116(2)( c), and explained the meaning of a super priority lien:

> Section 3, page 6, became law in 2009. *Nevada Revised Statute* 116.310312 addresses the fact homes were abandoned, foreclosed upon and falling into disrepair. This section allows the association to maintain an abandoned or foreclosed property. The costs expended by the association are a superpriority lien against the property. The Uniform Common Interest Ownership Act was adopted wherein, if a first mortgage holder forecloses on a common-interest community (CIC) unit, the association can be paid six months of the dues owed, which is called superpriority. This was expanded to nine months, except for condominiums.

---

[17] See Hearing on SB 174 Before Senate Comm. on the Judiciary, 76th Legislature (2011) (Statement of Michael Buckley, Commission, Las Vegas, Commission for Common Interest Communities Commission, Real Estate Division, Department of Business and Industry; Real Property Division, State Bar of Nevada), attached the Defendant's RJN as **Exhibit N.**

Mr. Buckley again explained the meaning of an HOA "super priority lien" on May 17, 2011:

> Assemblyman Carrillo:
>
> Assessments are the HOA's lifeblood. If we pass this bill and eliminate all the assessments from the previous owner, are we removing the lifeblood of an HOA? How will this affect the HOAs? If the HOA is dependent on the assessments, it will have to make up the difference by increasing the assessments for the rest of the homeowners.
>
> Michael Buckley:
>
> We are not changing the super priority lien. It will be six to nine months, which is what the law states now. Once an HOA gets paid the super priority lien, it no longer has a lien against the unit. That is existing law. When an investor buys a unit and resells it, it is great for the association who gets new owners because they start paying the dues on the unit that was foreclosed. If there is a problem with title, if the new owner has some question about having to pay the old owner's assessments, that affects the ability of those units to sell. We are not changing the law or the super priority lien. What we are trying to do is to clear up the title once the association has been paid its super priority lien. The association can only get the super priority lien if there is a foreclosure by the first mortgage. If there is no foreclosure by the first mortgage, the HOA could foreclose. Super priority lien deals only with the foreclosure by the first mortgage.  When that has been paid, the old lien is gone, and the unit can go on the marketplace with a clean slate.[18]

Similarly, Senator Allison Opening testified regarding the existing state of the Law, and the meaning of "super priority," on June 4, 2011:

> The HOAs are currently made whole when the home is foreclosed upon and lending institutions have paid collection costs and other fees as the first lien holder, otherwise known as super-priority. Recently, there has been some misinformation disseminated by an investor group called the Concerned Homeowner Association Members Political Action Committee (CHAMP). They have stated that S.B. 174 may negatively affect Fannie Mae and Freddie Mac financing for our State if the HOA is paid in the super-priority lien category. This is false.  Fannie Mae and Freddie Mac have absolutely nothing to do with this bill and this fact has been confirmed by Mr. Bill Uffelman of the Nevada Bankers Association. Mr. Uffelman has confirmed that Fannie Mae and Freddie Mac have always reimbursed the first security lien holder up to six months of assessments only, per federal regulations, even though current Nevada statute allows for an association to collect up to nine months of back-assessments. This

---

[18] See Hearing on SB 174 attached to the Defendant's RJN as **Exhibit N.**

pay schedule will remain the same under this bill, as Fannie Mae and Freddie Mac have a specific carve out in our current statutes. This carve out language can be found on page 36 of Amendment 7336, lines 37 through 45 and it continues on page 37, Lines I through 4.

When a bank forecloses, the super-priority letter from an HOA, asking for up to nine months of the assessments and collection costs for the association, goes to the first security lien holder. The lender complies and then pays the association. The lender then turns to Fannie Mae and Freddie Mac and requests reimbursement for the six months of assessments and collection costs. This is allowable per federal regulations. Fannie Mae and Freddie Mac have always paid these claims. The lender pays for the other three months of assessments and collection costs. The association never deals directly with Fannie Mae and Freddie Mac, and, under S.B. 174, nothing about this process will change. Federal law always trumps State and local law. Mr. Uffelman has confirmed that Fannie Mae and Freddie Mac would continue to pay only the six months of assessment and collection costs, and this bill would not affect the process. Hearing on SB 174 Before Senate Comm. on Finance, 76th Legislature, p. 21-22 (2011) (Statement of Senator Allison Opening).[19]

N.R.S. 1163116(2)(c )'s legislative history demonstrates that the "super priority lien" merely allows HOAs a payment priority *after* a senior deed of trust holder forecloses. This legislative history corroborates what the plain text of the statute makes clear-an HOA foreclosure sale does not eliminate a senior lienholder's deed of trust.

N.R.S. 116.3116(2) is merely a payment priority Lien created to ensure that an HOA is compensated for any loss or maintenance on a Property that is in foreclosure or vacant. The equitable balance between the two statutes is to construe N.R.S. 116.3116(2) as a payment priority Lien, whereby under N.R.S. 116.3116(2)(b), the Plaintiff took title subject to Wells Fargo's Lien. The proffered legal theory offered by the Plaintiff would be in direct violation of Wells Fargo's due process rights, pursuant to the properly recorded Deed of Trust in the Clark County Recorder's Office. Nevada is a race-notice State, whereby a Deed of Trust has priority in a chain of title based on the date upon which the Deed of Trust is recorded in the chain of title for the Property. It would be a violation of Wells Fargo's due process rights to allow a later-in-time recorded Lien to extinguish a first, position Deed of Trust. N.R.S. 116.3116(2) is merely a means to ensure that the HOA's Lien is paid and will not be extinguished by Wells Fargo's Lien.

---

[19] See Hearing on SB 174 attached to the Defendant's RJN as **Exhibit N.**

1   To accept the Plaintiff's theory, is to accept a violation of the contractual and due process rights

2   of Wells Fargo.

3           N.R.S. 116.3116(2) is solely a payment priority Lien with the power to sale the Property

4   and immediately collects on the arrears owed to the HOA.  The specific exclusion of a first,

5   position Deed of Trust, taxes and governmental liens, and liens recorded prior to the date of the

6   recorded of the CC&Rs, impugns a level of significance as to these Liens.  The inclusion of

7   N.R.S. 116.3116(2)(b) is significant as to the nature of the "Super-Priority" Lien, for the

8   inclusion of N.R.S. 116.3116(2)(b) implies that the Legislature intended to exclude a first,

9   position Deed of Trust from the purview of liens "junior" to a "Super-Priority" Lien.  The

10   legislative intent behind N.R.S. 116.3116 et seq. is not premised on extinguishing other third-

11   party Deeds of Trust secured against the Property, especially Deeds of Trust that meet the criteria

12   set in N.R.S. 116.3116(2)(b).[20]  The Legislative intent behind the 2009 amendment to N.R.S.

13   116.3116 focuses solely on the limitation of costs and collection fees incurred by the HOA

14   against the Property.[21]  The Legislative History does not focus on or state that a first, position

15   Deed of Trust is extinguished by an HOA Sale.[22]  The basis of N.R.S. 116.3116 is twofold: (1) to

16   provide a means for an HOA to collect on past-due assessments and (2) to prevent the

17   extinguishment of an HOA Lien upon a foreclosure by a first, position Deed of Trust.[23]  The

18   Legislative comments track with the above-stated analysis and fail to assert that an HOA "Super-

19   Priority" Lien extinguishes a first, position Deed of Trust.[24]  If the Court were to take the

20   Plaintiff's theory to the next logical conclusion, then the inclusion of N.R.S. 116.3116(2)(b) is

21   incongruous, for if the intent of N.R.S. 116.3116(2) was to extinguish all liens secured against

22   the Property, except taxes and governmental liens, then the Legislative would have no necessity

23   to draft N.R.S. 116.3116(2)(b).  The Plaintiff fails to assert any substantive arguments as to the

24   reasoning behind the inclusion of N.R.S. 116.3116(2)(b).  Therefore, the inclusion of N.R.S.

25

26   [20] See Legislative History attached to the Defendant's RJN as **Exhibit O.**

27   [21] Id.
     [22] Id.

28   [23] Id.
     [24] Id.

1  116.3116(2)(b) equates with the clear statement that Wells Fargo's Lien is not extinguished by

2  an HOA foreclosure sale.

3       Under common law, HOA Liens did not afford any priority over previously recorded

4  deeds of trust.[25]  N.R.S. 116.3116(2) departs from this common law norm by affording a limited

5  priority to certain HOA Liens.  N.R.S. 116.1108 is not applicable to N.R.S. 116.3116 because the

6  legislative history and statutory scheme suggests a conflict with real property laws.  N.R.S.

7  116.1108 states,

8     **NRS  116.1108   Supplemental general principles of law applicable.**   The principles

9     of law and equity, including the law of corporations and any other form of organization

10    authorized by law of this State, the law of unincorporated associations, the law of real

      property, and the law relative to capacity to contract, principal and agent, eminent

11    domain, estoppel, fraud, misrepresentation, duress, coercion, mistake, receivership,

      substantial performance, or other validating or invalidating cause supplement the

12    provisions of this chapter, **except to the extent inconsistent with this chapter.**

13       The provisions of N.R.S. 116.3116 et seq. conflict with the general principals of real

14  property.  The enactment of subsection 2(b) and the super-priority lien subsection creates a

15  conflicting dichotomy in real property law, for the super-priority lien establishes a lien that has a

16  priority over a prior recorded Deed of Trust.  General real property law in Nevada focuses on

17  race-notice, whereby the prior in time recorded lien has priority over the "junior" liens.  In this

18  case, the Legislature created a statutory provision that directly conflicts with real property law,

19  thereby negating the applicability of general non-judicial foreclosure law.  Since the general

20  provisions regarding real property are non-existent in N.R.S. 116.3116 et seq., the Court must

21  look at the legislative intent behind the divergent nature of the super-priority lien.  The

22  legislative history shows the intent of the Legislature to establish a lien that creates solely a

23  payment priority for the HOA.[26]  The Legislature never discusses an extinguishment of a first

24  position Deed of Trust.[27]  Plus, the inclusion of N.R.S. 116.3116(2)(b) impugns a level of

25

26

27  [25] See Daniel Goldmintz, Note, Lien Priorities: The Defects of Limiting the "Super-Priority" for
    Common Interest Communities, 33 Cardonzo L. Rev. 267, 270-271 (2011).

28  [26] See Legislative History of N.R.S. 116.3116 attached to the Defendant's RJN as **Exhibit P.**
    [27] Id.

1  significance in maintaining the establishment of a first, position Deed of Trust after the sale by

2  an HOA.

3      Section 1 of the Comments of the Uniform Common Interest Ownership Act is

4  referenced in the context of a judicial foreclosure by an HOA, with a first, position Deed of Trust

5  still secured against the Property.  Section 1 states that mortgage lenders "will most likely pay"

6  the assessments.  Section 1 does not mandate that Wells Fargo must pay the assessments nor

7  does Section 1 state that a first, position Deed of Trust will be extinguished upon an HOA

8  foreclosure sale.  The language cited in Section 1 is merely a means to forestall the herein

9  litigation if an HOA Lien is not paid prior to the sale.  The last sentence in Comment 1 of the

10  Uniform Common Interest Ownership Act fails to lend support to the Plaintiff's

11  "extinguishment" theory, for the last sentence fails to assert that a first, position Lien would be

12  extinguished upon an HOA sale.  The Plaintiff continues to assert that an HOA will not be paid

13  the nine (9) months of assessments and dues if the HOA does not have the power to sell the

14  Property.  Under N.R.S. 116.3116(2), the HOA has the power of sale in order to collect on the

15  nine (9) months of assessments and dues; however, the power of sale is conditioned on the

16  purchaser taking title subject to N.R.S. 116.3116(2)(b).  The HOA sale is an atypical non-judicial

17  foreclosure right because if a Lien meets N.R.S. 116.3116(2)(b) then the power of sale does not

18  extinguish a first, position Lien.  Therefore, Section 1 of the Uniform Common Interest

19  Ownership Act fails to support the "extinguishment" theory proffered in the Complaint.

20      The Plaintiff could only receive the title that the prior owner, Welles, had possessed

21  before the foreclosure sale.  N.R.S. 116.31166(3) provided that a foreclosure sale by a

22  Homeowner's Association "vests in the purchaser the title of the unit's owner without equity or

23  right of redemption.  Welles merely had a temporary, title interest in the Property subject to

24  Wells Fargo's Lien; therefore, the HOA could only legally convey at the sale a temporary, title

25  interest subject to Wells Fargo's Lien.  The specific language in N.R.S. 116.31166(3) shows that

26  the Plaintiff merely stepped-into-the shoes of the previous titleholder, for the language in the

27  statute states that the HOA sale extinguishes Welles' rights associated with the title of the

28

1  Property.  Therefore, the Plaintiff merely holds a possessory title interest in the Property, subject

2  to an eventual sale by the first, position Deed of Trust.

3       Based on the above, the Plaintiff's Motion for Preliminary Injunction should be denied

4  because the Plaintiff misconstrues the language of N.R.S. 116.3116(2)(b)-(c) and falsely asserts

5  that Wells Fargo's Lien is extinguished by the HOA sale.

6       **c.   NEVADA COURTS HAVE CONSISTENTLY HELD THAT N.R.S.**
        **116.3116 ET SEQ. DOES NOT EXTINGUISH A FIRST, POSITION DEED**
7       **OF TRUST.**

8       Nevada Courts have ruled that a foreclosure sale pursuant to N.R.S. 116.3116 et seq. does

9  not eliminate a first, position Deed of Trust.  In a recent United States District Court, District of

10 Nevada case, the Federal Court rejected the analysis concerning N.R.S. 116.3116 et seq. and

11 stated that a foreclosure sale by a Homeowner's Association **does not** extinguish a first, position

12 Deed of Trust.  In Diakonos Holdings, LLC v. Countrywide Home Loans, Inc., 2013 WL

13 531092, the Court states that "N.R.S. 116.3116(2) creates a limited super priority lien for 9

14 months of HOA assessments leading up to the foreclosure of the first mortgage, but **it does not**

15 **eliminate the first security interest.**"[28] Similar to Diakonos, where the Borrower defaulted on

16 their HOA dues, the HOA foreclosed on the Assessment Lien, and the Third-Party Purchaser

17 claims an extinguishment of a First Mortgage, Welles failed to make their HOA assessments

18 thereby instituting the foreclosure sale on the Property and the Plaintiff asserts that Wells Fargo's

19 Lien was extinguished by the sale of the Property.  The analysis of the Diakonos Court to

20 determine the priority of liens focuses on N.R.S. 116.3116(2)(b) and the timing of the recording

21 of the Deed of Trust and HOA Assessment Lien.  The Court in Diakonos stated that the

22 arguments regarding the inability of an HOA to recover on a deficiency without the power to

23 extinguish a first, position Deed of Trust are meritless, for the Court stated that N.R.S. 116.3116

24 et seq. provides a statutory scheme to allow for an HOA to recover delinquent assessments.[29]

25

26 _____

27 [28] See Diakonos Holdings, LLC v. Countrywide Home Loans, Inc., 2013 WL 531092 at *3 (D.
   Nev. Feb. 11, 2013) is attached to the Defendant's RJN as **Exhibit P**.

28 [29] See Diakonos Holdings, LLC v. Countrywide Home Loans, Inc., 2013 WL 531092 at *3 (D.
   Nev. Feb. 11, 2013) is attached to the Defendant's RJN as **Exhibit P**.

The <u>Diakonos</u> Court specifically emphasized N.R.S. 116.3116(2)(b)'s priority language when analyzing the lack of extinguishment of a first, position Deed of Trust.[30]

The <u>Diakonos</u> Court emphasized that an HOA has two options to recover on its "Super-Priority Lien:" (1) the HOA may initiate a non-judicial foreclosure to recover the delinquent assessments and the **purchaser at the sale takes the property subject to the security interest** or (2) initiate a judicial action to pursue the assessments.[31] The <u>Diakonos</u> Court clearly stated that the foreclosure sale by a Homeowner's Association "**takes the property subject to the security interest," even if the Beneficiary received notice of the HOA foreclose on the Property.**[32] Similar to <u>Diakonos</u>, Wells Fargo's Deed of Trust was recorded in 2006, which is over three (3) years prior to the recording of the Notice of Lien by The Meadows. Therefore, based on the analysis in <u>Diakonos</u>, the Plaintiff took title to the Property subject to Wells Fargo's Lien.

In the U.S. District Court case, <u>Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC et al</u>, 2:13-cv-RCJ-NJK, the Court rejected the "extinguishment" theory espoused by the Plaintiff in the Complaint.[33] The Court provided a detailed analysis of N.R.S. 116.3116 and the "Super-Priority" lien. The Court stated that the first mortgage rule "prevents a prior- recorded first mortgage from being extinguished by a foreclosure of an HOA lien that contains a super-priority amount.[34] The Court stressed that the "Super-Priority" lien and the HOA sale is an unorthodox sale, for the "super-priority amount is senior to an earlier-recorded first mortgage in the sense that it must be satisfied before a first mortgage upon its own foreclosure, but it is <u>in parity with</u> an earlier recorded first mortgage with respect to extinguishment, i.e., the foreclosure of neither

---

[30] See <u>Diakonos Holdings, LLC v. Countrywide Home Loans, Inc.</u>, 2013 WL 531092 at *3 (D. Nev. Feb. 11, 2013) is attached to the Defendant's RJN as **Exhibit P**.
[31] See <u>Diakonos Holdings, LLC v. Countrywide Home Loans, Inc.</u>, 2013 WL 531092 at *3 (D. Nev. Feb. 11, 2013) is attached to the Defendant's RJN as **Exhibit P**.
[32] <u>Id</u>.
[33] See <u>Bayview Loan Servicing, LLC v. Alessi & Koenig</u>, LLC et al, 2:13-cv-RCJ-NJK, Order, attached to the Defendant's RJN as **Exhibit L**.
[34] See <u>Bayview Loan Servicing, LLC v. Alessi & Koenig</u>, LLC et al, 2:13-cv-RCJ-NJK, Order, attached to the Defendant's RJN as **Exhibit L**.

extinguishes the other."[35]  The Court further stated that "the foreclosure of neither a super-priority lien nor a first mortgage extinguishes the other.  They are in parity with one another in this regard.  But a super-priority must be satisfied first out of the proceeds of the foreclosure of a junior lien.  It is "first amongst equals" in this regard."[36]

In First 100 v. Wells Fargo Bank, N.A., Case No. 2:13-cv-00431-JCM-PAL, the Court entered an Order granting Judgment in favor of Wells Fargo.[37]  The Court stated that "The clear language of this statute states that an HOA's lien is prior to all other liens and encumbrances secured by the property, except a first security interest on the property recorded before the date on which the assessment became delinquent."  The Court stressed that if a quiet title action is brought pursuant to N.R.S. 116.3116(2)(b) then plaintiff is required to (1) produce a copy of the assessment lien upon which the foreclosure was based and (2) allege that the assessment lien chronologically precedes the deed of trust."[38]  The Court noted that "NRS 116.3116(2)(c), which carves out a limited exception to N.R.S. 116.3116(2)(b) . . . creates a limited super priority lien over the type of first security interest described in (2)(b) to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budged adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien . . . N.R.S. 116.3116(2)(c) creates a limited super priority lien for nine months of HOA assessments leading up to a foreclosure proceeding or the institution of an action to enforce the lien. The statute presents an HOA with two options. First, an HOA may foreclose its lien under the statute, but the first mortgagee's lien survives the foreclosure. The first mortgagee may later foreclose against the buyer at the HOA foreclosure sale if that buyer (or someone else) does not satisfy the first

---

[35] See Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC et al, 2:13-cv-RCJ-NJK, Order, attached to the Defendant's RJN as **Exhibit L.**

[36] See Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC et al, 2:13-cv-RCJ-NJK, Order, attached to the Defendant's RJN as **Exhibit L.**

[37] See First 100 v. Wells Fargo Bank, N.A., Case No. 2:13-cv-00431-JCM-PAL, Order, attached to the Defendant's RJN as **Exhibit P.**

[38] See First 100 v. Wells Fargo Bank, N.A., Case No. 2:13-cv-00431-JCM-PAL, Order, attached to the Defendant's RJN as **Exhibit P.**

mortgage out of the proceeds of the HOA foreclosure sale or otherwise.  See <u>Bayview</u>, 2013 WL

2460452; <u>Weeping Hollow</u>, 2013 WL 2296313.  Second, a first mortgagee may foreclose even

though an HOA (super priority) lien exists."[39]  Therefore, the Court concluded that Wells

Fargo's Lien survives an HOA sale.[40]  In this case, the Complaint does not allege that the

assessment lien chronologically predates the 2006 Deed of Trust.  The Complaint cannot allege

such a fact in good faith because the 2006 Deed of Trust was recorded over three (3) years prior

to the assessment lien.

     In addition, <u>Weeping Hollow Avenue Trust v. Ashley Spencer et al</u>, Case No. 2:13-cv-

00544-JCM-VCF, Order, the Court granted a Motion to Dismiss the Complaint based on N.R.S.

116 et seq. does not extinguish a first, position Deed of Trust and is merely a payment priority

lien.[41]  The Court took note of the Nevada Real Estate Opinion and disregarded its relevance to

the analysis in <u>Spencer</u>.  The Court also took into consideration the voluminous case law in the

Nevada State Courts showing a trend in the analysis of N.R.S. 116 as being merely a payment

priority lien.[42]  Plus, the Court in <u>KAL-MOR-USA, LLC v. Bank of America, N.A. et al</u>, Case

No. 2:13-cv-0680-LDG-VCF, granted a Motion to Dismiss a Complaint, based on the fact that

---

[39] See <u>First 100 v. Wells Fargo Bank, N.A.</u>, Case No. 2:13-cv-00431-JCM-PAL, Order, attached to the Defendant's RJN as **Exhibit P**.

[40] See Minute Order, <u>Oliver Sage Drive Trust v. BAC Home Loan Servicing LP, et al</u>, Case No. A674872 (Nev. Dist. Ct. Feb. 21, 2013) (holding that buyer at a foreclosure for delinquent common homeowners association assessments purchases a possessory right to the property subject to a first security interest); Minute Order, <u>SFR Investments Pool I, LLC v. First Horizon Home Loans, et al</u>, Case No. A674958 (Nev. Dist. Ct. Apr. 2, 2013) (denying SFR Investment's motion for a preliminary injunction on arguments concerning extinguishing first deed of trust security interest at association foreclosure sale for delinquent common assessments); and Minute Order, <u>French v. Sweetwater Homeowners Association, Inc., SFR Investments Poo/1, LLC, et al.</u>, Case No. A667931 (Nev. Dist. Ct. Mar. 13, 2013) (granting motion to dismiss SFR Investment's cross-complaint and holding judicial foreclosure necessary to extinguish a first deed of trust at a foreclosure sale for delinquent common homeowners association assessments) attached to the Defendant's RJN as **Exhibit P**.

[41] See <u>Weeping Hollow Avenue Trust v. Ashley Spencer et al</u>, Case No. 2:13-cv-00544-JCM-VCF, Order attached to the Defendant's RJN as **Exhibit P**.

[42] See <u>Weeping Hollow Avenue Trust v. Ashley Spencer et al</u>, Case No. 2:13-cv-00544-JCM-VCF, Order attached to the Defendant's RJN as **Exhibit P**.

an HOA Sale does not extinguish a first, position Deed of Trust.[43]  The Court stated that the clear language of the statute states that a first, position Deed of Trust has priority over an HOA lien.[44] The Court also stressed the ruling in <u>Centeno</u> by stating that the "plaintiff is required to (1) produce a copy of the assessment lien upon which the foreclosure was based and (2) allege that the assessment lien chronologically precedes the deed of trust."[45]

The <u>Wingbrook Capital, LLC v. Peppertree Homeowners Association</u>, Case No. A-11-636948-B, case confirms that a "Super-Priority Lien" constitutes only the nine (9) months portion of an assessment lien preceding the foreclosure of a first, position Deed of Trust and the "Super-Priority Lien" does not attach until after the foreclosure of a First Mortgage.  "Pursuant to N.R.S. 116.3116(2), the **homeowners' association's Statutory Lien is junior to a first security interest** on the unit recorded before the date on which the assessment sought to be enforced became delinquent ("First Security Interest") **except for a portion of the homeowner's association's Statutory Lien which remains prior to the First Security Interest (the "Super-Priority Lien").**[46]  The <u>Wingbrook</u> Court emphasizes that an HOA "Super-Priority Lien" established pursuant to N.R.S. 116.3116(2) does not extinguish a first, position Deed of Trust, for the Court stated that the "Super-Priority Lien" is only based upon the foreclosure by the first, position Deed of Trust.[47]  The Court analyzed the interaction between N.R.S. 116.3116 and a first, position Deed of Trust in the context of a parasitic relationship, whereby the "Super-Priority Lien" attaches onto the Property and is only extinguished upon the foreclosure by the first, position Deed of Trust.  Based on the analysis in <u>Wingbrook</u>, the Plaintiff's Complaint fails to state a claim for quiet title or a claim for declaratory relief with regards to the extinguishment of Wells Fargo's Lien against the Property.

---

[43] See <u>KAL-MOR-USA, LLC v. Bank of America, N.A. et al</u>, Case No. 2:13-cv-0680-LDG-VCF, Order attached to the Defendant's RJN as **Exhibit P.**
[44] <u>Id</u>.
[45] See <u>KAL-MOR-USA, LLC v. Bank of America, N.A. et al</u>, Case No. 2:13-cv-0680-LDG-VCF, Order attached to the Defendant's RJN as **Exhibit P.**
[46] See <u>Wingbrook Capital, LLC v. Peppertree Homeowners Association</u>, Case No. A-11-636948-B, Order is attached to the Defendant's RJN as **Exhibit Q.**
[47] See <u>Wingbrook Capital, LLC v. Peppertree Homeowners Association</u>, Case No. A-11-636948-B, Order is attached to the Defendant's RJN as **Exhibit Q.**

In *JP Morgan Chase Bank, N.A. v. Countrywide Home Loans, Inc. et al*, Case No. A-08-562678, Dept. XVI, RJN, Ex. 5, and *Korbel Family Trust v. Spring Mountain Ranch Master Association et al*, Case No. 06-A-523959-C, the Courts reinforced the legal analysis of N.R.S. 116.3116(2), whereby the Courts stated that a junior assessment lien does not eliminate a First Mortgage and the Super-Priority Lien under N.R.S. 116.3116(2) is limited to the charges and assessments incurred by an HOA during the nine (9) months **preceding the foreclosure of the First Mortgage**.[48]   In *Korbel*, the Court analyzed the interaction between N.R.S. 116.3116(2)(b) and N.R.S. 116.3116(2), whereby the Court emphasized that **a foreclosure by the first, position Deed of Trust would extinguish the "Super-Priority Lien."** The Court in *Korbel* analyzed N.R.S. 116.3116 et seq. in the context of an HOA sale **not** extinguishing a first, position Deed of Trust.[49]   In *Design 3.2 v. Bank of New York Mellon*, Case No. A-10-621628-C, the Court specifically stated that an HOA foreclosure sale **does not** extinguish a first, position Deed of Trust.

The Court stated that,

> NRS 116.3116 governs liens against units for assessments. It states that an assessment lien by a homeowner's or unit-owner's "is prior to all other liens and encumbrances on a unit except:  (a) Liens and encumbrances recorded before the recordation of the declaration and ... (b) A first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent ... ," NRS 11631 I 6(2)(a)-(b). ]-Here Defendant's first security interest Deed was recorded on August 16, 2006. The assessment lien was recorded on June 6, 2008 two years later. Therefore, the security lien is first in time prior to the assessment lien of the Homeowner's association. Plaintiff was on notice of the recorded 2006 secured lien on the property at the 2009 foreclosure sale in which it purchased the property. The security interest and priority lien was not extinguished by the foreclosure sale of the HOA and the plaintiffs took title of the property subject to the lien pursuant to NRS 116.3116 (emphasis added).[50]

---

[48] See *JP Morgan Chase Bank, N.A. v. Countrywide Home Loans, Inc. et al*, Case No. 08-A562678, Order on Motion for Determination of Priority Amount at pg. 2 ¶ 1(d)(2) and 1(e) attached to the Defendant's RJN as **Exhibit Q**; and *Korbel Family Trust v. Spring Mountain Ranch Master Association et al*, Case No. 06-A-523959-C, Order attached to the Defendant's RJN as **Exhibit Q**.

[49] See *Korbel Family Trust v. Spring Mountain Ranch Master Association et al*, Case No. 06-A-523959-C, Order attached to the Defendant's RJN as **Exhibit Q**.

[50] See *Design 3.2 v. Bank of New York Mellon*, Case No. A-10-621628-C, Minutes from MSJ Hearing dated 6-15-2011 attached to Defendant's RJN as **Exhibit Q**.

1    The Court in <u>Design 3.2</u> negated and dismissed the analysis regarding N.R.S. 116.3116 et

2    seq. and the extinguishment of a first, position Deed of Trust.[51]   Similar to <u>Design 3.2</u>, wherein

3    the Court noted that the Third-Party Purchaser was provided notice of the recorded First

4    Mortgage, the Plaintiff had notice of the 2006 Deed of Trust through the perfection by recording

5    of the Deed of Trust in the Clark County Recorder's Office.  As with <u>Design 3.2</u>, due to the prior

6    knowledge of the first, position Deed of Trust, the Plaintiff does not have standing to assert the

7    necessity for a preliminary injunction or quiet title.  In <u>Villa Palms Court 102 Trust v. William L.</u>

8    <u>Riley et. al</u>, Case No. A-13-674595-C, the Court analyzed N.R.S. 116.3116 et seq. in the context

9    of a foreclosure by a first, position Deed of Trust and concluded that a Motion for Preliminary

10   Injunction **should be denied because the foreclosure pursuant to N.R.S. 116.3116 does not**

11   **extinguish a first, position Deed of Trust**.[52]   Based on the above, the Nevada Courts have

12   clearly interpreted N.R.S. 116.3116 et seq. to state that a sale by a Homeowner's Association is

13   subject to a first, position Deed of Trust and the sale **does not** extinguish a first, position Deed of

14   Trust.

15   In <u>9320 Pokeweed Ct. Trust v. Wells Fargo Bank, et al.</u>, Case No. A-13-677406-C, Dept.

16   XVII, the Court denied a Motion for Preliminary Injunction and **granted a Motion to Dismiss**

17   **the Complaint**, based on the fact that N.R.S. 116.3116 is merely a priority of payment lien and

18   does not extinguish a first, position Deed of Trust.[53]   In <u>SFR Investments Pool1, LLC v. U.S.</u>

19   <u>Bank et al</u>, Case No. A-12-673671-C, Dept. XXVII, the Court denied a Motion for Preliminary

20   Injunction based on the fact that the Court found that the "extinguishment" theory proffered by

21   the Plaintiff would violate both State and Federal constitutional due process guarantees if the

22   first mortgage's interest may be voided by a non-judicial foreclosure for an assessment lien,

23   relatively nominal in value . . .[54]

---

24   [51] See <u>Design 3.2 v. Bank of New York Mellon</u>, Case No. A-10-621628-C, Minutes from MSJ
25   Hearing dated 6-15-2011 attached to Defendant's RJN as **Exhibit Q**.
     [52] See <u>Villa Palms Court 102 Trust v. William L. Riley et. al</u>, Case No. A-13-674595-C, Order
26   attached to the Defendant's RJN as **Exhibit Q**.
     [53] See <u>9320 Pokeweed Ct. Trust v. Wells Fargo Bank, et al.</u>, Case No. A-13-677406-C, Dept.
27   XVII, Orders are attached to the Defendant's RJN as **Exhibit R**.
     [54] See <u>SFR Investments Pool 1, LLC v. U.S. Bank et al</u>, Case No. A-12-673671-C, Dept. XXVII,
28   Order, attached to the Defendant's RJN as **Exhibit R**.

1    In 3182 Tarpon 103 Trust v. Vincent Sammarco et al, A-13-676718-C, Dept. IV, SFR

2    Investment Pool, LLC v. U.S. Bank, N.A. et al, A-13-678814-C, Dept. XVIII, SFR Investment

3    Pool, LLC v. Wells Fargo Bank et al, A-13-679361-C, Dept. XXV,[55] SFR Investment Pool, LLC

4    v. Wells Fargo Bank et al, A-13-680565-C, Dept. XVIII,[56] SFR Investment Pool, LLC v. Wells

5    Fargo Bank et al, A-13-681847-C, Dept. III,[57] and LN Management LLC Series 3225 Casey 204

6    v. Wells Fargo Bank et al, A-13-678626-C, Dept. XXX,[58] the Courts denied a Motion for

7    Preliminary Injunction based on the fact that N.R.S. 116.3116 is merely a priority of payment

8    lien and does not extinguish a first, position Deed of Trust.[59]  Plus, in SFR Investment Pool, LLC

9    v. U.S. Bank, N.A. et al, A-13-678814-C, Dept. XVIII, SFR Investment Pool, LLC v. Wells

10   Fargo Bank et al, A-13-679361-C, Dept. XXV, SFR Investment Pool, LLC v. Wells Fargo Bank

11   et al, A-13-680656-C, Dept. XVIII, SFR Investment Pool, LLC v. Wells Fargo Bank et al, A-13-

12   681847-C, Dept. III, and LN Management LLC Series 3225 Casey 204 v. Wells Fargo Bank et

13   al, A-13-678626-C, Dept. XXX,[60] the Courts granted a Motion to Dismiss the Complaint based

14   on the fact that N.R.S. 116.3116 is merely a priority of payment lien and does not extinguish a

15   first, position Deed of Trust.[61]

16       Based on the above, the Nevada Courts have clearly interpreted N.R.S. 116.3116 et seq.

17   to state that a sale by a Homeowner's Association is subject to a first, position Deed of Trust and

---

[55] See SFR Investment Pool, LLC v. Wells Fargo Bank et al, A-13-679361-C, Dept. XXV, Order, attached to the Defendant's RJN as **Exhibit R.**
[56] See SFR Investment Pool, LLC v. Wells Fargo Bank et al, A-13-680565-C, Dept. XVIII, Order, attached to the Defendant's RJN as **Exhibit R.**
[57] See SFR Investment Pool, LLC v. Wells Fargo Bank et al, A-13-681847-C, Dept. III, Order attached to the Defendant's RJN as **Exhibit R.**
[58] See LN Management LLC Series 3225 Casey 204 v. Wells Fargo Bank et al, A-13-678626-C, Dept. XXX, Order and Minutes attached to the Defendant's RJN as **Exhibit R.**
[59] See 3182 Tarpon 103 Trust v. Vincent Sammarco et al, A-13-676718-C, Dept. IV, Order and SFR Investment Pool, LLC v. U.S. Bank, N.A. et al, A-13-678814-C, Dept. XVIII, Orders, attached to the Defendant's RJN as **Exhibit R.**
[60] See SFR Investment Pool, LLC v. Wells Fargo Bank et al, A-13-681847-C, Dept. III, Order, attached to the Defendant's RJN as **Exhibit R.**
[61] See SFR Investment Pool, LLC v. U.S. Bank, N.A. et al, A-13-678814-C, Dept. XVIII, Orders, SFR Investment Pool, LLC v. Wells Fargo Bank et al, A-13-679361-C, Dept. XXV, Orders, SFR Investment Pool, LLC v. Wells Fargo Bank et al, A-13-680656-C, Dept. XVIII, Orders, and LN Management LLC Series 3225 Casey 204 v. Wells Fargo Bank et al, A-13-678626-C, Dept. XXX, Order and Minutes attached to the Defendant's RJN as **Exhibit R.**

the sale **does not** extinguish a first, position Deed of Trust. Therefore, the Plaintiff's Motion for Preliminary Injunction should be denied, due to the Plaintiff taking title to the Property subject to Wells Fargo's Lien.

     **d. THE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION SHOULD BE DENIED BECAUSE THE HOA SALE WAS COMMERCIALLY UNREASONABLE.**

     Even if an HOA sale could otherwise eliminate a senior deed of trust, which it cannot, the foreclosure sale in this case would be void as commercially unreasonable if it did, as Plaintiff claims, eliminate the senior deed of trust. Nevada's version of the UCIOA imposes an express obligation of good faith on an HOA. NRS 116.1113 provides as follows:

> Every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement.[62]

     The term "commercial reasonableness" has been interpreted m Nevada in several cases involving public sales:

> In addition to giving reasonable notice, a secured party must, after default, proceed in a commercially reasonable manner to dispose of collateral. N.R.S. 104.9504(3); <u>Jones v. Bank of Nevada</u>, 91 Nev. 368, 535 P.2d 1279 (1975). Every aspect of the disposition, including the method, manner, time, place, and terms, must be commercially reasonable. NRS 1 04.9504(3). Although the price obtained at the sale is not the sole determinative factor, nevertheless, it is one of the relevant factors in determining whether the sale was commercially reasonable .... A wide discrepancy between the sale price and the value of the collateral compels close scrutiny into the commercial reasonableness of the sale. <u>Levers v. Rio King Land & Invest. Co.</u>, 93 Nev. 95,98-99, 560 P.2d 917, 919-20 (1977) (citations omitted) (emphasis added); see also <u>Dennison v. Allen Group Leasing Corp.</u>, 110 0 Nev. 181, 1 85-86, 871 P.2d 288, 291 (1994).

     The foreclosure sale in this case would be void as commercially unreasonable if it did, as Plaintiff claims, eliminate the senior deed of trust the HOA made no effort to obtain the best price or to protect either Welles or Wells Fargo. The sales price of $5,300.00 demonstrates that it was not made in good faith as a matter of law, as the property secures a loan in excess of $250,000.00. The HOA's sale is indisputable evidence of a lack of good faith. Therefore, the HOA sale in this case cannot eliminate Wells Fargo's Deed of Trust.

---

[62] See N.R.S. 116.31164.

C. **THE NEVADA REAL ESTATE OPINION IS A SUBJECTIVE, NON-BINDING
AUTHORITY THAT FAILS TO LEND SUPPORT TO THE COMPLAINT.**

First, the Advisory Opinion specifically states at the end of the Opinion that the Opinion is not a rule, regulation, or final legal determination.  The Advisory Opinion disclaims the legal enforcement of the contents of the Opinion and specifically states that the Opinion is merely the views of the Real Estate Division.  Second, the Advisory Opinion does not focus on the interaction of "priority" liens under N.R.S. 116.3116(2)(b) and (2)(c), for the Advisory Opinion focuses on the amount of costs and fees that an HOA can incur against the Property.  Plus, the dicta opinions asserted in the Opinion related to "extinguishment" are outside the bounds of the questions posed to the Nevada Real Estate Opinion.

Third, the Advisory Opinion from the Real Estate Division of the State of Nevada, Department of Business and Industry fails to lend support to the Plaintiff's Complaint, for the Advisory Opinion reaffirms the language in N.R.S. 116.3116 and reaffirms the assertions by Wells Fargo as to the attachment of the first position priority Deed of Trust to the Property subsequent to the foreclosure by the Plaintiff in this case.  The Advisory Opinion states that the "priority" of nine (9) months of assessments is premised on the potential loss by the Homeowner's Association of unpaid assessments that would be eliminated by an imminent foreclose of the first security interest.  The Advisory Opinion treats the "priority" status of the Plaintiff has a monetary status that entitles the Plaintiff to assessments and charges in lieu of a "priority" status of extinguishment of all junior liens secured by the Property.  Plus, the Advisory Opinion specifically states that "each portion of the super priority lien is limited to the specific charge state and nothing else" and payment to the Plaintiff of the charges under N.R.S. 116.3116(1) and N.R.S. 116.310312 "relieves [the Plaintiff's] super priority lien status.  The Advisory Opinion's language is tempered by the implication that a first, position Deed of Trust survives the Homeowner's Association foreclosure, for the Advisory Opinion discusses the eventuality of the second foreclosure by the first position Lender.  Based on the above, Wells Fargo's Lien maintained its first position status in the chain of title of the Property.

The Advisory Opinion specifically states that N.R.S. 116.3116 is a means for a party to **only** determine the starting point and amounts of the nine (9) months of assessments owed to the

Plaintiff in this case. The Advisory Opinion never states nor mentions that a foreclosure under

N.R.S. 116.3116 extinguishes a first position priority Deed of Trust. The Advisory Opinion

contemplates the eventual foreclosure by a first position priority Deed of Trust, thereby implying

that the Plaintiff's theory regarding Wells Fargo's Lien is false and should be disregarded by the

Court. Plus, the Advisory Opinion is premised on a recommendation for the Homeowner's

Association to collect on unpaid assessments **prior to** the extinguishment of any fees owed to the

Homeowner's Association by a subsequent foreclosure by the first position priority Deed of

Trust. Based on the language in the Advisory Opinion and the nature of Wells Fargo's Lien,

Wells Fargo's Lien survived the foreclosure sale.

**D.   THE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION SHOULD BE DENIED BECAUSE THE PLAINTIFF FAILS AS A MATTER OF LAW TO STATE A CLAIM AGAINST WELLS FARGO.**

The Plaintiff falsely bases the quiet title and declaratory relief causes of action on the

legal analysis of N.R.S. 116.3116 et seq. Declaratory relief is not an independent cause of

action, but rather is dependent on the Plaintiffs' other substantive claims. Stock West, Inc. v.

Confederated Tribes of Coville Reservations, 873 F.2d 1221, 1225 (9th Cir. 1989). A claim for

injunctive relief is not an independent cause of action. Barlow v. BNC Mortg. Inc., No. 3:09-

cv-00677-LRH-RAM, 2011 WL 2669618, at *3 (D. Nev. July 7, 2011) (dismissing plaintiffs'

causes of action for injunctive and declaratory relief); see also In re Wal-Mart Wage & Hour

Empty Practices Litig., 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007) (holding that a claim for

injunctive relief was not a cause of action or independent ground for relief). Therefore, the

declaratory and injunctive causes of action should be dismissed with prejudice as to Wells Fargo.

In Nevada, a quiet title action may be brought "by any person against another whom

claims an estate or interest in real property, adverse to the person bringing the action, for the

purpose of determining such adverse claim." N.R.S. 40.010. "In a quiet title action, the burden

of proof rests with the plaintiff to prove good title in himself." Breliant v. Preferred Equities

Corp., 918 P.2d 314, 318 (Nev. 1996) and Wensley v. First Nat. Bank of Nevada, 2012 WL

1971773 (D. Nev. 2012). The Plaintiff falsely asserts that the HOA sale of the Property

extinguished Wells Fargo's Lien because all non-judicial foreclosures extinguish "junior" Liens.

1    The Plaintiff fails to assert that an HOA sale is an atypical non-judicial foreclosure, for an HOA

2    has the power of sale conditioned on N.R.S. 116.3116(2)(b).  If the Legislative intended N.R.S.

3    116.3116(2) to extinguish all "junior" Liens then there would be no need to include N.R.S.

4    116.3116(2)(b).  The inclusion of N.R.S. 116.3116(2)(b) is important because N.R.S.

5    116.3116(2)(b) establishes an exception to the extinguishment of a junior lien upon an HOA sale.

6    Wells Fargo's Lien was recorded prior to the date upon which the assessments became

7    delinquent in this case.  Wells Fargo's Lien survived the HOA sale, pursuant to N.R.S.

8    116.3116(2)(b).  Since, Wells Fargo's Lien is a superior Lien secured against the Property, the

9    HOA sale could not have extinguished Wells Fargo's Lien.  The Plaintiff took title subject to

10   Wells Fargo's Lien and Wells Fargo cannot assert an adverse claim against the Plaintiff, who

11   merely purchased a possessory, title interest in the Property.

12         Therefore, the Plaintiff's Motion for Preliminary Injunction should be denied in this case

13   because the Plaintiff's Complaint fails as a matter of law to establish any claim for relief against

14   the Defendant, Wells Fargo.

15   **E.   THE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION SHOULD BE
         DENIED BECAUSE THE PLAINTIFF IS NOT LIKELY TO SUFFER
16       IRREPARABLE HARM BECAUSE THE PLAINTIFF TOOK TITLE TO THE
         PROPERTY SUBJECT TO WELLS FARGO'S LIEN AND ANY HARM CAN BE
17       COMPENSATED THROUGH A MONETARY AMOUNT.**

18         The Plaintiff alleges that the Plaintiff will suffer irreparable harm if Wells Fargo is

19   allowed to foreclose based on the inconsequential harm to Wells Fargo, the fact that Wells Fargo

20   allowed the foreclosure sale to continue on the Property, and the unique nature of real property.

21   The Plaintiff took title to the Property subject to Wells Fargo's Lien, therefore the Plaintiff is

22   only entitled to compensatory damages for any loss of title to the Property.  The Plaintiff

23   knowingly purchased a Property from a Homeowner's Association Sale that was governed by the

24   CC&Rs and N.R.S. 116.3116.  The Plaintiff had knowledge of the eventual loss of title to the

25   Property upon the foreclosure by Wells Fargo.  A reasonably prudent purchaser at an HOA

26   foreclosure sale would assume that any HOA foreclosure sale would be subject to any first,

27   position Deeds of Trust secured against the Property.  The Plaintiff purchased the Property at the

28

HOA sale for a nominal amount and should have expected that any sale of a Property at an HOA foreclosure sale for a nominal amount is contingent on a potential loss of the Property through a foreclosure by a first, position Deed of Trust. Any potential harm or loss of business pertaining to the rental of the Property is speculative and subjective at this point in the case because the Property has not been rented and has not generated any income. The Plaintiff is an investor who purchases multiple properties at HOA sales and the Property is not being rented. The loss of the Property will not destroy the entirety of the Plaintiff's business. The Plaintiff never purchased fee simple title at the HOA sale, therefore, the Plaintiff cannot assert any "irreparable" or "unique" harm related to the real property. The Plaintiff merely holds a possessory title interest in the Property, subject to an eventual sale by the first, position Deed of Trust. The herein Property is not the residential Property of the Plaintiff in this case and the Plaintiff is not renting the Property. The Property is one of a multitude of properties being purchased by the Plaintiff at the HOA Sale. Based on the above, the Plaintiff's Motion for Preliminary Injunction should be denied in this case based on the lack of irreparable harm suffered by the Plaintiff if Wells Fargo is allowed to proceed with a foreclosure sale on the Property.

F. **IF THE COURT GRANTS THE PRELIMINARY INJUNCTION, THE COURT SHOULD REQUIRE THE PAYMENT BY THE PLAINTIFF OF A SIGNIFICANT BOND.**

The purpose of the bond will be to compensate the enjoined party for any damages it may suffer as a result of the stay. The bond should involve the continued payment of taxes, insurance, and HOA assessments. The Plaintiff should also be required to deposit any future rents generated by the Property into a trust account during the pendency of the appeal. Wells Fargo is due on the 2006 Note for the total amount of $259,836.71; therefore, the Plaintiff should be required to post a bond for the total amount due on the Note. Since, the Plaintiff only has a possessory interest, subject to the foreclosure sale by Wells Fargo any bond amount posted by the Plaintiff should be substantial to warrant the delay in Wells Fargo executing a lawful foreclosure sale. Therefore, if the Court is inclined to grant the preliminary injunction, it should be conditioned upon the Plaintiff posting a bond of at least $259,836.71, payment of taxes, insurance and HOA assessments, and deposit of any future rents into a trust account.

## IV.   CONCLUSION

Based on the above, the Plaintiff's Motion for Preliminary Injunction should be denied and Wells Fargo should be allowed to lawfully proceed with a foreclosure on the Property.

DATED this 13th day of September, 2013.

WRIGHT, FINLAY & ZAK, LLP

Chelsea A. Crowton, Esq.
Nevada Bar No. 11547
5532 South Fort Apache Road, Suite 110
Las Vegas, Nevada 89148
*Attorney for Defendant, Wells Fargo Bank, N.A.*

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that I am an employee of WRIGHT, FINLAY & ZAK, LLP; that service of the foregoing **DEFENDANT, WELLS FARGO BANK, N.A.'S, OPPOSITION TO THE PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION** was made on the 13th day of September, 2013, by depositing a true copy of same in the United States Mail, at Las Vegas, Nevada, addressed as follows:

Marilyn Fine, Esq.
Rachel E. Donn, Esq.
Peter E. Dunkley, Esq.
MEIER & FINE, LLC
2300 West Sahara Avenue, Suite 1150
Las Vegas, Nevada 89102
*Attorneys for Plaintiff*

Richard J. Reynolds, Esq.
1851 E. First Street, Suite 1550
Santa Ana, CA 92705
*Attorney for Defendant, MTC Financial, Inc. d/b/a as Trustee Corps Inc.*

An Employee of WRIGHT, FINLAY & ZAK, LLP