UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| LVDG SERIES 125, | ) ) ) | |
| Plaintiff, | ) ) | 3:13-CV-00503-LRH-WGC |
| v. | ) ) | ORDER |
| HAROLD M. WELLES; et al., | ) ) | |
| Defendants. | ) ) | |

Before the court are defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to expunge lis pendens (Doc. #3[1]) and motion to dismiss (Doc. #4). Plaintiff LVDG Series 125 ("LVDG") filed an opposition (Doc. #21) to which Wells Fargo replied (Doc. #25).

**I.   Facts and Procedural History**

In May 1999, defendants Harold M. Welles and Valerie M. Welles ("the Welles") purchased real property in Reno, Nevada. On November 6, 2006, the Welles executed a recorded deed of trust in favor of defendant Wells Fargo.

Several years later, on January 12, 2010, a notice of delinquent assessment for homeowner's association ("HOA") dues was recorded on the property. On June 29, 2010, a notice of default and election to sell under the HOA lien was recorded. Eventually, on March 13, 2013, a notice of HOA sale was recorded. At the HOA sale, plaintiff LVDG purchased the property for $5,300.

---

[1] Refers to the court's docket number.

...

Subsequently, on August 23, 2013, LVDG filed a complaint against defendants to quiet title alleging that its purchase of the property from the HOA sale extinguished all the other liens, including Wells Fargo's first deed of trust. Doc. #1, Exhibit A. Thereafter, Wells Fargo filed the present motion to dismiss. Doc. #4.

**II.     Legal Standard**

Wells Fargo seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*

2

1  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

2  (internal quotation marks omitted). The court discounts these allegations because "they do nothing

3  more than state a legal conclusion—even if that conclusion is cast in the form of a factual

4  allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to

5  dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

6  plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.    Discussion**

In its complaint, LVDG alleges that pursuant to NRS 116.3116(2)(b), Wells Fargo's first deed of trust was extinguished by the HOA's foreclosure and sale of the underlying property. *See* Doc. #1, Exhibit A.

The court has reviewed the documents and pleadings on file in this matter and finds that LVDG misconstrues the language of Section 3116(2)(b). NRS 116.3116 relates to liens by homeowner's associations and reads as follows:

> 2. A lien under this section is prior to all other liens and encumbrances on a unit except:
> (b) A first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent or, in a cooperative, the first security interest encumbering only the unit's owner's interest and perfected before the date on which the assessment sought to be enforced became delinquent . . .

By its very language, Section 3116(2)(b) specifically states that an HOA lien is prior to all other liens and encumbrances on the property *except* a first security interest recorded before the date the HOA assessment became delinquent.

Here, the first deed of trust was recorded in November 2006, several years before the delinquent HOA assessment was recorded on the subject property in January 2010. Thus, Wells Fargo's lien meets the statutory requirements of NRS 116.3116(2)(b) and survived the HOA sale. As such, LVDG took title to the property subject to the first deed of trust.

As an alternative argument, LVDG contends that Section 3116(2)(c) carves out a limited exception to Section 3116(2)(b) that is applicable in this matter. NRS 116.3116(2)(c) provides in pertinent part that:

3

1   The lien is also prior to all security interests described in paragraph (b) to the extent of any
    charges incurred by the association . . .would have become due in the absence of acceleration
2   during the 9 months immediately preceding institution of an action to enforce the lien . . .

3   LVDG contends that this section provides that the foreclosure of a delinquent HOA

4   assessment lien extinguishes the first security interest on the property if it relates to charges

5   incurred during the nine (9) months prior to the foreclosure. However, once again LVDG

6   misconstrues the statute. The plain language of NRS 116.2116(2)(c) simply creates a limited super

7   priority lien for nine (9) months of HOA assessments leading up to the foreclosure of the first

8   mortgage, but it does not eliminate the first security interest. Contrary to LVDG's assertion, the

9   statutory scheme does not require an HOA to wait until the holder of the deed of trust forecloses on

10  its interest. Rather, as in this case, the HOA may initiate a non-judicial foreclosure to recover

11  delinquent assessments and the purchaser at the HOA sale takes the property subject to the first

12  security interest. Therefore, based on the express language of the statutes, the court finds that

13  LVDG's claim for quiet title fails as a matter of law. Accordingly, the court shall grant Wells

14  Fargo's motion to dismiss.

16  IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #4) is

17  GRANTED. Plaintiff's complaint (Doc. #1, Exhibit A) is DISMISSED in its entirety.

18  IT IS FURTHER ORDERED that defendant's motion to expunge lis pendens (Doc. #3) is

19  GRANTED. Defendant Wells Fargo Bank, N.A. shall have ten (10) days after entry of this order to

20  prepare an appropriate proposed order expunging lis pendens and submit the same for approval and

21  signature.

22  IT IS SO ORDERED.

23  DATED this 22nd day of November, 2013.

    _____
    LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE

4