UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LVDG SERIES 125, | |
| Plaintiff, | 3:13-CV-00503-LRH-WGC |
| v. | |
| HAROLD M. WELLES; et al., | ORDER |
| Defendants. | |

Before the court are plaintiff LVDG Series 125's ("LVDG") motion to vacate judgment (Doc. #36[1]) and motion to remand (Doc. #37). Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed oppositions to both motions. Doc. ##39, 40.

**I.   Facts and Procedural History**

In May 1999, defendants Harold M. Welles and Valerie M. Welles ("the Welles") purchased real property in Reno, Nevada. On November 6, 2006, the Welles executed a deed of trust in favor of defendant Wells Fargo.

Several years later, on January 12, 2010, a notice of delinquent assessment for homeowner's association ("HOA") dues was recorded on the property. On June 29, 2010, a notice of default and election to sell under the HOA lien was recorded. Eventually, on March 13, 2013, a HOA sale was conducted. At the HOA sale, plaintiff LVDG purchased the property for $5,300.

---

[1] Refers to the court's docket number.

Subsequently, on August 23, 2013, LVDG filed a complaint to quiet title against defendants alleging that its purchase of the property at the HOA sale extinguished all the other liens, including Wells Fargo's first deed of trust. Doc. #1, Exhibit A. In response, Wells Fargo filed a motion to dismiss (Doc. #4) which was granted by the court (Doc. #32). Thereafter, LVDG filed the present motions to vacate and remand. Doc. ##36, 37.

**II.    Discussion**

LVDG brings its motion to vacate pursuant to Federal Rule of Civil Procedure 60(b). A motion under Rule 60(b) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). A district court may vacate a prior judgment where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. Fed. R. Civ. P. 60(b)(1)–(6); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In its motion, LVDG claims that the court's order was clearly erroneous because the court was without subject matter jurisdiction[2] to enter the order of dismissal. Specifically, LVDG contends that there is not complete diversity between the parties because both it, and the Welles defendants are Nevada citizens.

The court has reviewed the documents and pleadings on file in this matter and finds that it did have subject matter jurisdiction to enter the underlying order because the non-diverse Welles defendants were fraudulently joined defendants whose Nevada citizenship cannot be used to defeat the exercise of diversity jurisdiction. A fraudulently joined defendant does not "defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Fraudulent

---

[2] A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a).

2

1 joinder "occurs when a plaintiff fails to state a cause of action against a resident defendant, and the
2 failure is obvious according to the settled rules of the state." *Ritchey*, 139 F.3d at 1318; *see also*
3 *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Kruso v. International Tel.*
4 *& Tel. Corp.,* 872 F.2d 1416, 1426-27 (9th Cir. 1989); *Gasnik v. State Farm Ins. Co.*, 825 F.Supp.
5 245, 247 (E.D. Cal. 1992). In determining whether a cause of action is stated against a non-diverse
6 defendant, courts look only to a plaintiff's pleadings. *Gardner v. UICI*, 508 F.3d 559, 561 n.3 (9th
7 Cir. 2007).

8       In its complaint, LVDG sought a determination that it owned the underlying property free
9 and clear of any defendants' interest. LVDG's sole claim for declaratory relief was premised on
10 seeking a judicial determination that Wells Fargo's lien was extinguished by the HOA sale. LVDG
11 did not seek any claim for relief against the Welles except for a declaration that the Welles have no
12 interest in the property. But, with respect to that claim, the complaint did not plead any facts or
13 assert any claim that the Welles were asserting any interest in the property adverse to LVDG. In
14 fact, the Welles have not expressed any adverse interest in the property since it was sold at the
15 trustee's sale, nor have they made an appearance in this action. As such, a declaration of rights
16 relating to the extinguishment of Wells Fargo's lien does not affect the Welles in any way.
17 Therefore, based on the allegations in the complaint, the court finds that the non-diverse Welles
18 defendants are fraudulently joined defendants whose citizenship does not defeat the exercise of
19 diversity jurisdiction. Thus, the court finds that there was complete diversity between the parties
20 and that the exercise of diversity jurisdiction was appropriate. Accordingly, the court shall deny
21 both LVDG's motion to vacate and motion to remand.
22 ///
23 ///
24 ///
25 ///
26 ///

1  IT IS THEREFORE ORDERED that plaintiff's motion to vacate (Doc. #36) and motion to
2 remand (Doc. #37) are DENIED.
3  IT IS SO ORDERED.
4  DATED this 10th day of April, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE