1
2
3
4
5
6          UNITED STATES DISTRICT COURT

7          DISTRICT OF NEVADA

8                              * * *

9    LVDG  SERIES  125,  established  under           3:13-cv-00503-LRH-WGC
     LVDG  LLC,  a  Nevada  series  limited-
10   liability company,
                              Plaintiff,
11                                                     ORDER

12         v.

13   HAROLD  M.  WELLES;  VALERIE  M.
     WELLES;  WELLS  FARGO  BANK,  N.A.;
14   and   MTC   FINANCIAL   INC.   d/b/a
     TRUSTEE CORPS,
15                              Defendants.

16

17

18         Before the court is Plaintiff/Counter-Defendant LVDG Series 125's ("LVDG")

19   motion for leave to file an amended complaint. ECF No. 59. Defendant/Counter-

20   Claimant Wells Fargo Bank, N.A. filed a notice of non-opposition. ECF No. 61.

21   Defendants Harold M. Welles, Valerie M. Welles, and MTC Financial Inc. (collectively

22   "Defendants") did not file any opposition to the motion.

23   I.    Facts and Procedural History

24         In May 1999, defendants Harold M. Welles and Valerie M. Welles ("the Welles")

25   purchased real property in Reno, Nevada, at 1125 Tule Drive ("the property"). On or

26   about November 15, 2006, the Welles executed a deed of trust in favor of defendant

27   Wells Fargo.

28   ///

Several years later, on January 12, 2010, a notice of delinquent assessment for homeowner's association ("HOA") dues was recorded on the property. On June 29, 2010, a notice of default and election to sell under the HOA lien was recorded. Eventually, on or about August 15, 2013, LVDG purchased the property at an HOA foreclosure sale. On the same date of the HOA foreclosure sale, Wells Fargo and MTC Financial Inc. ("MTC") recorded a separate Notice of Trustee's Sale, scheduling a foreclosure sale to take place on September 20, 2013.

Subsequently, on August 23, 2013, LVDG filed a complaint to quiet title against defendants alleging that its purchase of the property at the HOA sale extinguished all other liens, including Wells Fargo's first deed of trust. ECF No. 1, Exhibit A. In response, Wells Fargo filed a motion to dismiss (ECF No. 4) which was granted by the court (ECF No. 32). LVDG appealed that order to the Ninth Circuit. ECF No. 42. While the appeal was pending, the Nevada Supreme Court issued its decision in *SFR Investments Pool 1, LLC  v. U.S. Bank, N.A.,* 334 P.3d 408 (Nev. 2014). In *SFR Investments*, the court held that an HOA has a true super-priority lien on a property for nine months of unpaid assessments, and foreclosure on this lien extinguishes all other interests in a property. *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.,* 334 P.3d 408 (Nev. 2014). After the Nevada Supreme Court's decision in *SFR Investments*, the Ninth Circuit reversed this court's order granting Wells Fargo's motion to dismiss and remanded the action back to this court.

Nevertheless, on November 1, 2013, while the underlying action was pending, Wells Fargo conducted its own foreclosure sale on the property. Federal Home Loan Mortgage Corporation ("Freddie Mac") purportedly purchased the property at the bank foreclosure sale. In response, LVDG filed the present motion to amend its complaint in order to name Freddie Mac as a defendant and allege various new claims related to Wells Fargo's foreclosure sale. ECF No. 59.

///

///

## II.    Discussion

A party may amend its pleadings by leave of court. Fed. R. Civ. P. 15(a)(2). Leave of court to amend should be freely given when justice so requires and when there is no undue delay, bad faith, or dilatory motive on the part of the moving party. See *Wright v. Incline Village General Imp. Dist.*, 597 F.Supp.2d 1191 (D. Nev. 2009); *DCD Programs, LTD v. Leighton*, 883 F.2d 183 (9th Cir. 1987).

Here, the court has reviewed the documents and pleadings on file in this matter and finds that good cause exists to grant LVDG's motion for leave to file an amended complaint. First, LVDG has attached the proposed amended complaint in accordance with Local Rule 15-1(a). *See* ECF No. 59, Exhibit 1. Second, the court finds that there is no undue delay, bad faith, or dilatory motive on behalf of LVDG in requesting leave to amend its complaint. Third, it would prejudice LVDG to deny the motion because Wells Fargo's foreclosure sale had not occurred at the time LVDG's original complaint was filed. Therefore, the court shall grant LVDG's motion for leave to file an amended complaint.

IT IS THEREFORE ORDERED that LVDG's motion for leave to file amended complaint (ECF No. 59) is GRANTED.

IT IS FURTHER ORDERED that LVDG shall have ten (10) days from entry of this order to file the proposed amended complaint attached as Exhibit 1 to their motion for leave to file an amended complaint (ECF No. 59, Exhibit 1).

IT IS SO ORDERED.

DATED this 20th day of July, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE