1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                                 DISTRICT OF NEVADA

8                                          * * *

9    LVDG SERIES 125, established under LVDG
     LLC, a Nevada series limited-liability
10   company,

11                                                    Case No. 3:13-cv-0503-LRH-WGC
                    Plaintiff,
12                                                    ORDER

13          v.

14   HAROLD M. WELLES; VALERIE M.
     WELLES; WELLS FARGO BANK, N.A.;
15   and MTC FINANCIAL INC. d/b/a TRUSTEE
     CORPS, INC.,
16
                    Defendants.
17

18

19          Before the court is defendant MTC Financial Inc.'s ("MTC Financial") motion to dismiss

20   plaintiff LVDG Series 125's ("LVDG") first amended complaint (ECF No. 63). ECF No. 64.

21   LVDG filed an opposition (ECF No. 68) to which MTC Financial replied (ECF No. 69).

22   **I.     Facts and Procedural Background**

23          This is a declaratory relief action arising out of a non-judicial foreclosure. In May 1999,

24   defendants Harold M. Welles and Valerie M. Welles ("the Welles") purchased real property in

25   Reno, Nevada. On November 6, 2006, the Welles executed a deed of trust in favor of defendant

26   Wells Fargo Bank, N.A. ("Wells Fargo"). At the time the deed of trust was executed, the

27   underlying property was subject to monthly homeowner's association ("HOA") dues.

28   ///

                                                    1

In 2009, the Welles fell behind on their HOA dues. Subsequently, on January 12, 2010, a notice of delinquent assessment for HOA dues was recorded on the property. On June 29, 2010, a notice of default and election to sell under the HOA lien was recorded. Eventually, on or about August 15, 2013, LVDG purchased the property at an HOA foreclosure sale. On the same date of the HOA foreclosure sale, Wells Fargo and MTC Financial Inc. ("MTC") recorded a separate Notice of Trustee's Sale, scheduling a foreclosure sale on the first deed of trust.

Subsequently, on August 23, 2013, LVDG filed a complaint to quiet title against defendants alleging that its purchase of the property at the HOA sale extinguished all other liens, including Wells Fargo's first deed of trust. ECF No. 1, Exhibit A. In response, Wells Fargo filed a motion to dismiss (ECF No. 4) which was granted by the court (ECF No. 32). LVDG appealed that order to the Ninth Circuit. ECF No. 42. While the appeal was pending, the Nevada Supreme Court issued a decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014). In *SFR Investments*, the court held that an HOA has a true super-priority lien on a property for nine months of unpaid assessments, and foreclosure on this lien extinguishes all other interests in a property. 334 P.3d at 415-416. After the Nevada Supreme Court's decision in *SFR Investments*, the Ninth Circuit reversed this court's order granting Wells Fargo's motion to dismiss and remanded the action back to this court.

On November 1, 2013, after it filed its motion to dismiss, Wells Fargo conducted its own foreclosure sale on the property under the first deed of trust. Federal Home Loan Mortgage Corporation ("Freddie Mac") purportedly purchased the property at the bank foreclosure sale. In response, LVDG filed a motion to amend its complaint (ECF No. 59) in order to name Freddie Mac as a defendant and allege various new claims related to Wells Fargo's foreclosure sale which was granted by the court (ECF No. 61). On July 21, 2016, LVDG filed its first amended complaint alleging six causes of action: (1) declaratory relief; (2) unjust enrichment; (3) slander of title; (4) conversion; (5) wrongful foreclosure; and (6) rescission. ECF No. 63. Thereafter, defendant MTC Financial filed the present motion to dismiss. ECF No. 64.

///

///

## II.    Discussion

In its motion, MTC Financial seeks dismissal from the amended complaint on the basis that the parties entered into a previously approved stipulation of non-monetary status. *See* ECF No. 64. During the course of this litigation, on October 29, 2013, plaintiff LVDG – through its former counsel -  and defendant MTC Financial entered into a stipulation governing MTC Financial's liability in this litigation. ECF No. 27. In that stipulation, MTC Financial agreed to "be bound by whatever final order or final judgment the Court issues regarding the subject Deed of Trust." *Id*. Further, the parties stipulated that MTC Financial "shall neither be liable for any monetary awards as and for damages, attorney's fees or costs" nor "be required to pay any bonds." *Id*. Finally, the parties stipulated that MTC Financial "shall not be required to participate further in this action, with the exception of responding to discovery." *Id*. The court approved the parties' stipulation on November 4, 2013. ECF No. 28.

Now, in its first amended complaint, LVDG asserts and alleges new claims against MTC Financial based on Wells Fargo's foreclosure sale on the first deed of trust. Further, LVDG seeks monetary damages and other remedies precluded by the parties' approved stipulation. LVDG contends that the first amended complaint is not precluded by the original stipulation because the newly alleged claims post-date the stipulation. The court disagrees. The stipulation is not limited to any specific claim or cause of action. Instead, the stipulation governs MTC Financial's liability and responsibilities for the entirety of the litigation. *See* ECF No. 28. That order is still valid and binding as the stipulation has not been vacated by the court and neither party has sought such relief in this action. Though LVDG's new counsel is dissatisfied with the actions of prior counsel, that dissatisfaction does not mean the approved stipulation is any less binding on the parties. Therefore, the court finds that the parties' stipulation precludes any actions against defendant MTC Financial for monetary relief and shall grant MTC Financial's motion accordingly.

///

///

///

IT IS THEREFORE ORDERED that defendant's motion to dismiss (ECF No. 64) is GRANTED in accordance with this order. Defendant MTC Financial Inc. shall be DISMISSED as a defendant in this action as to any monetary or other relief sought by plaintiff. However, defendant MTC Financial Inc. shall continue to participate in this action as specified in the approved stipulation between the parties (ECF No. 28).

IT IS SO ORDERED.

DATED this 23rd day of February, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE